IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LOIS HARMON, *et al.* | ) | CASE NO.: 5:21-CV-00199 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| DOLGEN MIDWEST, LLC, *et al.*, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on the Motion for Summary Judgment filed by Defendant, Bottling Group, LLC ("Defendant Bottling Group" or "Defendant") (ECF #53). Pursuant to Fed. R. Civ. P. 56(a), Defendant Bottling Group seeks summary judgment for claims of negligence and related injuries asserted against it by Plaintiffs Lois Harmon ("Ms. Harmon" or "Plaintiff") and Charles Harmon ("Mr. Harmon") (collectively, "Plaintiffs"). Plaintiffs filed an Opposition to Defendant's Motion for Summary Judgment (ECF #54) and Defendant filed a Reply in Support of its Motion. (ECF #58). After careful consideration of the issues and a full review of the filings and all relevant authority, Defendant Bottling Group's Motion for Summary Judgment (ECF #53) is GRANTED.

I. **Factual and Procedural Background**[1]

a. **Factual Background**

On August 11, 2019, Jacob Santucci ("Mr. Santucci"), a merchandiser for Defendant Bottling Group, was at the New Franklin, Ohio Dollar General (the "Dollar General") between

---

[1] The facts as stated in this Memorandum Opinion and Order are taken from the Parties' submissions. Those material facts that are controverted and supported by deposition testimony, affidavit, or other evidence are stated in the light most favorable to the non-moving Party.

1

noon and 1:00 p.m. stocking single serve 20-ounce Pepsi products. (Mr. Santucci Dep., pp. 8-10). Mr. Santucci testified that while stocking a cooler with the 20-ounce bottles of pop, something caused a bottle to pop out. When he went to grab for another, a bottle fell to the ground, resulting in the cap cracking and the pop spilling out onto the floor. (*Id*. at pp. 9-10).

According to his testimony, the spill occurred in front of the cooler Mr. Santucci was stocking, which was located a little further down from the milk cooler and that the spill was small in that it did not travel down the aisle to the coolers which held milk. (*Id*.). Mr. Santucci testified that he put his cart over the spill to cover it momentarily and went to ask a Dollar General employee where he could find a mop and caution sign. (*Id*. at 10). He mopped the spill from the floor and then placed a caution sign at the site. Per his testimony, Mr. Santucci checked the area to ensure the spill was adequately cleaned and nothing remained on the floor. Before leaving the Dollar General, he noted that the sign was still visible in the location he placed it where the spill occurred. (*Id*. at 11-12; 13).

Ms. Harmon arrived at Dollar General at approximately 3:00 p.m. on August 11, 2019 to purchase milk. (Ms. Harmon Dep., p. 12-13). Once she arrived, she walked in the front door and down an aisle where at the end coolers containing milk are situated. (*Id*., p. 13). At the end of this same aisle, she testified seeing an endcap display containing Natural Lite, a walkway, and then the coolers with the milk. (*Id*. at p. 15). As Plaintiff walked down the aisle but before she reached the end where the endcap display was located, she felt her right foot get stuck, causing her to lose balance and fall forward, striking her head on a cooler door and injuring her right knee. (*Id*. at pp. 15-16; 18-19; 35).[2]

---

[2] At the time of her deposition, Ms. Harmon was shown a photograph depicting the area of the Natural Lite endcap display, the walkway aisle, and the coolers, wherein she marked with an "X" those applicable areas she encountered the alleged sticky substance and where she fell, striking her head. *See* ECF #53-3 and 53-4, Exhibits A and D). Mr. Santucci was also shown the photograph of the applicable area and testified that the spill resulting from him stocking

2

At the time of the fall, Paula Bilanovich ("Ms. Bilanovich"), Assistant Manager of Dollar General, was a couple aisles over, heard someone yell, and went to the aisle where Plaintiff had fallen. Ms. Bilanovich testified that at this time she did not notice any sticky substance or hazard on the floor and did see that warnings signs from the earlier spill were still in place. (Bilanovich Dep., pp. 17; 28-29; 33; 40). Later that afternoon, Steven Harmon ("Mr. Harmon"), Ms. Harmon's son, went to Dollar General around 6:00 p.m. and during conversation with Ms. Bilanovich, learned that Defendant's merchandiser had been in the store earlier to stock shelves and had caused a spill and cleaned it up.[3]

### b. Procedural History

On December 17, 2020, Plaintiffs filed their Complaint against Defendants Dollar General Corporation and PepsiCo., Inc. in the Summit County Court of Common Pleas, Case No. CV-2020-12-3508. On January 25, 2021, Defendants removed the case to this Court pursuant to 28 U.S.C. § 1441(a). In subsequent amended complaints, Plaintiffs properly named Defendant Dolgen Midwest, LLC, doing business as Dollar General, and substituted Defendant Bottling Group, LLC for PepsiCo., Inc. (*See* ECF #15, ECF #26).

On August 26, 2021, Plaintiffs filed their Third Amended Complaint (the "Complaint") (ECF #51) alleging negligence against Defendant Bottling Group for "causing the sticky substance to be on the floor at the Dollar General by spilling soda product on the floor" resulting in Ms. Harmon's fall and injuries, including physical and mental pain and suffering. (*Id*. at ¶ 16-22).[4]

---

product did not occur in the same area, but rather near several coolers down from the milk cooler, an area not depicted in the photograph shown to him and Ms. Harmon. (Santucci Dep., pp. 13-14).

[3] Mr. Harmon testified that during conversation with Ms. Bilanovich, she did not indicate to him the actual location of the spill. (Harmon Dep., p. 9). Mr. Harmon contends, and Ms. Bilanovich disputes, ever referring to the unidentified area as "sticky." (Bilanovich Dep. p. 38; Mr. Harmon Dep., p. 6; 8-9).

[4] In the Complaint's third cause of action, Plaintiff, Mr. Charles Harmon, alleges a claim for Loss of Consortium as a direct and proximate result of "Defendants' aforementioned premises liability and negligence" resulting in "loss of

On August 30, 2021, Defendant Bottling Group filed its Motion for Summary Judgment against Plaintiffs. (ECF #53). Plaintiffs filed an Opposition to Defendant's Motion for Summary Judgment (ECF #54) on August 31, 2021 and Defendant filed its Reply in Support on September 9, 2021. (ECF #58).

## II. Standard of Review

Summary judgment is appropriate when the court is satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(a); *Provenzano v. LCI Holdings, Inc.*, 663 F.3d 806 (6th Cir. 2011). The burden of showing the absence of any such "genuine issue" rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex v. Catrett*, 477 U.S. 317, 323 (1986). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Determination of whether a factual issue is "genuine" requires consideration of the applicable evidentiary standards. Although evidence may be presented in support of a summary judgment motion, the moving party need not support its motion with affidavits or similar materials that negate the non-mover's claim(s) if they can otherwise show an absence of evidence supporting the non-mover's case. *Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 788 (6th Cir. 2000). The

---

Ms. Harmon's services, society, companionship, comfort, love and solace." (ECF #51, ¶¶ 23-25). As the Court grants summary judgment in favor of Defendant Bottling Group as to Plaintiffs' claim for Negligence, summary judgment is also granted in favor of Defendant on Mr. Harmon's claim for Loss of Consortium. *Bowen v. Kil-Kare Inc.*, 63 Ohio St. 3d 84, 92-93, 585 N.E.2d 384 (1992) ("We recognize that a claim for loss of consortium is derivative in that the claim is dependent upon defendant's having committed a legally cognizable tort upon the spouse who suffers bodily injury.")

court will view the summary judgment motion in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of their case. *Tolton v. American Biodyne, Inc*., 48 F.3d 937, 941 (6th Cir. Ohio 1995) (citing *Celotex*, 477 U.S. at 322). Accordingly, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. Much. 1996) (citing *Anderson*, 477 U.S. at 252). Moreover, if the evidence presented is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment. *Anderson*, 477 U.S. at 249-50 (citations omitted). In most civil cases involving summary judgment, the court must decide "whether reasonable jurors could find by a preponderance of the evidence that the [non-moving party] is entitled to a verdict." *Id*. at 252.

Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmoving party. The nonmoving party may not simply rely on its pleadings, but must "produce evidence that results in a conflict of material fact to be solved by a jury." *Cox v. Kentucky Dep't of Transp.,* 53 F.3d 146, 149 (6th Cir. Ky. 1995). FED. R. CIV. P. 56(e) states:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

The Federal Rules identify the penalty for the lack of such a response by the nonmoving party as an automatic grant of summary judgment, where otherwise appropriate. *Id*.

As a general matter, the district judge considering a motion for summary judgment is to examine "[o]nly disputes over facts that might affect the outcome of the suit under governing law."

5

*Anderson*, 477 U.S. at 248. The court will not consider non-material facts, nor will it weigh material evidence to determine the truth of the matter. *Id*. at 249. The judge's sole function is to determine whether there is a genuine factual issue for trial; this does not exist unless "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id*.

In sum, proper summary judgment analysis entails "the threshold inquiry of determining whether there is the need for a trial – whether, in other words, there are any genuine factual issue that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party. *Anderson*, 477 U.S. at 250.

### III. Discussion

In their second cause of action, Plaintiffs allege a claim of negligence against Defendant Bottling Group for creating a hazardous, sticky substance on the floor of Dollar General on August 11, 2019, resulting in Ms. Harmon's fall and bodily injury. (ECF #51, ¶¶ 16-22). Specifically, Plaintiffs allege that the sticky substance was caused by Defendant's merchandiser, Mr. Santucci, who earlier in the afternoon of August 11, 2019 was at Dollar General stocking product and spilled a 20-ounce single serve bottle of pop.

Defendant Bottling Group concedes that Mr. Santucci caused a spill at Dollar General on August 11, 2019, but argues that it is entitled to summary judgment as the spill was not the cause of Ms. Harmon's fall, and even if it had been, Defendant cleaned the spill and adequately warned store guests of the potentially hazardous condition by placing a caution sign at the site. Defendant further argues summary judgment in its favor is appropriate given the speculative nature of Plaintiffs' position; Plaintiffs cannot identify the actual cause of Ms. Harmon's fall, given her testimony that she never saw a substance on the floor, and thus Plaintiffs fail to state anything

beyond conjecture with respect to the origination or existence of any alleged substance or residue on the floor at the time of her injury.

The duty owed by a landowner to an entrant depends upon the entrant's status. *Gladon v. Greater Cleveland Reg'l Transit Auth.*, 75 Ohio St. 3d 312, 317, 1996 Ohio 137, 662 N.E.2d 287. Landowners owe invitees – those who have entered the property by invitation, express or implied, for a purpose beneficial to the owner – the duty to exercise ordinary care by "maintaining the premises in a safe condition." *Headly v. Home Depot U.S.A., Inc.*, 2014 U.S. Dist. LEXIS 92571, citing *Provencher v. Ohio Dep't of Transp.*, 49 Ohio St. 3d 265, 266, 551 N.E.2d 1257 (1990). Under Ohio law, a plaintiff may prevail in a slip and fall negligence claim as a business invitee by establishing:

    (1) That the defendant through its officers or employees was responsible for the hazard complained of; or

    (2) That at least one of such persons had actual knowledge of the hazard and neglected to give adequate notice of its presence or remove it promptly; or

    (3) That such danger had existed for a sufficient length of time reasonably to justify the inference that the failure to warn against it or remove it was attributable to a want of ordinary care.

*Beard v. Kroger Co.*, 113 F. App'x 174, 176 (6th Cir. 2005) citing *Combs v. First Nat'l Supermarkets, Inc.*, 105 Ohio App.3d 27, 663 N.E.2d 669, 670 (Ohio Ct. App. 1995). Defendant Bottling Group is not a premises owner, but rather a vendor or independent contractor of Defendant Dolgen Midwest, LLC. An independent contractor owes a general duty of care towards a business invitee, exercising that degree of care which an ordinarily careful and prudent person would exercise under the same or similar circumstances. *Simmers v. Bentley Constr. Co.* (1992), 64 Ohio St. 3d 642, 1992 Ohio 42, 597 N.E.2d 504. Once the existence of a duty is found, a plaintiff must show that the defendant breached its duty of care and that the breach proximately caused the

plaintiff's injury. *Id*. at 646; citing *Mussivand v. David* (1989), 45 Ohio St.3d 314, 318, 544 N.E.2d 265.

There is no evidence to support Plaintiffs' position that Defendant Bottling Group created or caused a hazardous condition resulting in Ms. Harmon's slip and fall on August 11, 2019. The deposition testimony and record show that while Mr. Santucci was stocking shelves at the Dollar General between noon and 1:00 p.m., a spill involving a single serve bottle of pop occurred in an aisle in front of the cooler he was stocking, located further down from the milk cooler. Mr. Santucci provided testimony that the spill was contained and did not travel down the aisle to the coolers containing milk. After the spill occurred, Mr. Santucci briefly covered the spill with his cart, retrieved a mop and bucket, mopped the spill, and placed a caution sign at the site. Before leaving the Dollar General, Mr. Santucci checked to make sure the area was clean, and that the caution sign was still out and visible.

Plaintiffs present no evidence in support of their position that Mr. Santucci's spill was still present or that the alleged sticky substance was located in the aisle of incident when Ms. Harmon arrived at the Dollar General approximately two hours later around 3:00 p.m. on August 11, 2019. Ms. Harmon testified and the record shows that she fell in an aisle leading towards the walkway aisle of the cooler section with an endcap of Natural Lite. She alleges that as she approached the end of this aisle, but before reaching the display, her right foot became stuck, causing her to lose balance and fall forward towards one of the coolers, causing injury to her head and knee. As testified to in deposition, Mr. Santucci's spill occurred elsewhere in the store, in a walkway aisle located a few coolers down from where the milk is located.

Further, the record shows Defendant satisfied its duty of reasonable care to Plaintiffs by cleaning the spill and placing a caution sign at the site of the spill, alerting store guests to be

cautious of the area, and Plaintiffs present no evidence to the contrary. Store Manager Ms. Bilanovich confirmed in her deposition testimony that when she arrived around 1:00 p.m. on August 11, 2019, the wet floor sign was out and visible. Plaintiffs do not dispute the sign's placement, nor do they show the sign was removed prior to or during Ms. Harmon's visit to Dollar General.

Plaintiffs cannot show that Defendant Bottling Group created the alleged sticky substance Ms. Harmon argues caused her to fall on August 11, 2019. Plaintiffs also cannot show that Defendant Bottling Group breached a duty to Ms. Harmon such that it can be held liable for negligence in causing her to sustain injuries from her fall. Defendant satisfied its duty to Plaintiffs by promptly cleaning the spill and placing a caution sign to warn guests of the potential hazard. Based on its review of the record and all evidence, there exists no genuine issue of material fact for Plaintiffs' claims against Defendant Bottling Group such that a reasonable juror could find Defendant liable in negligence for Ms. Harmon's fall and injuries. Accordingly, the Court finds summary judgment in favor of Defendant Bottling Group is appropriate on all claims.

IV. **Conclusion**

For the foregoing reasons, Defendant, Bottling Group LLC's Motion for Summary Judgment (ECF #53) is hereby GRANTED.

IT IS SO ORDERED.

*s/ Donald C. Nugent*
DONALD C. NUGENT
Senior United States District Judge

DATED: November 8, 2021